# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE R. JONES, | 1:01-cv-05287-AWI-SMS-PC |
| Plaintiff, | ORDER FOLLOWING REMAND |
| v. | ORDER FOR DEFENDANTS LOO, HUANG, NEUBARTH, ORTIZ, AND McVICAR TO FILE ANSWER TO COMPLAINT WITHIN THIRTY DAYS |
| PLEASANT VALLEY STATE PRISON, et al., | |
| Defendants. | |

**I.  RELEVANT PROCEDURAL HISTORY**

Tyrone R. Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 12, 2001. (Doc. 1.) The court screened the complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 9, 2001, directing the United States Marshal to serve process on defendants G. Lewis, Ducray, L.B. McVicar, W. Buehler, J.C. Smith, V.M. McKnight, W.R. Williams, L. Loo, J. Neubarth, R. Ortiz, H. Huang, C.J. Sanchez, C. Murtaugh, Davis, Cantu, Tress, and Stephens.[1]  (Doc. 9.)

///

---

[1] All of these seventeen defendants have since appeared in this action, via motions to dismiss.

1

On November 29, 2001, defendants filed a motion to dismiss the complaint based on Plaintiff's failure to exhaust administrative remedies, and on March 6, 2002, defendants filed an amended motion to dismiss. (Docs. 33, 48.) On March 10, 2003, the court denied the motion, with leave to renew it in light of the Ninth Circuit's recent decision in Wyatt v. Terhune.[2] (Docs. 81, 91.)

On March 31, 2003, defendants renewed the motion to dismiss the complaint based on Plaintiff's failure to exhaust administrative remedies. (Doc. 97.) On March 11, 2004, the renewed motion was granted in part and denied in part, leaving the case to proceed only against defendants Cantu and Davis on Plaintiff's excessive force claims, and dismissing all other claims and defendants. (Docs. 107, 109.)

On March 25, 2004, defendants Cantu and Davis filed an answer to the complaint. (Doc. 110.) On April 15, 2004, the court issued a Discovery/Scheduling Order setting pretrial deadlines. (Doc. 111.) On May 11, 2004, defendants Cantu and Davis filed a motion to dismiss the complaint based on Plaintiff's failure to exhaust administrative remedies on the excessive force claim. (Doc. 114.) On January 19, 2005, the motion was granted, and the case was dismissed in its entirety without prejudice. (Docs. 121, 122.) Judgment was entered on January 19, 2005. (Doc. 123.)

On January 31, 2005, Plaintiff filed a notice of appeal to the Court of Appeals for the Ninth Circuit. (Doc. 124.) On May 26, 2009, the Ninth Circuit affirmed in part and vacated in part the district court's judgment, remanding the action. (Doc. 133.) The judgment was affirmed as to the dismissal of Plaintiff's Eighth Amendment claim against defendant Murtaugh regarding sleep deprivation, Plaintiff's excessive force claim against defendants Davis and Cantu, Plaintiff's deliberate indifference claim regarding access to prescription medication, and Plaintiff's retaliation claim concerning Plaintiff's placement in administrative segregation. The judgment was vacated as to the dismissal of Plaintiff's deliberate indifference claims regarding treatment of his bunions, hemorrhoids and skin condition, in light of the Ninth Circuit's recent decision in Griffin v Arpaio.[3] The district court reopened the case on June 2, 2009. This case now proceeds only against

---

[2] Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

[3] Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009).

defendants Dr. Larry Loo, Dr. Neuberth, Dr. Huang, Dr. Ortiz, and McVicar, on Plaintiff's Eighth Amendment claims for inadequate medical care related to his bunions, hemorrhoids, and skin condition.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS REGARDING TREATMENT OF HIS BUNIONS, HEMORRHOIDS, AND SKIN CONDITION

Plaintiff was in custody at Pleasant Valley State Prison ("PVSP") in Coalinga, California, at the time the events at issue occurred. Plaintiff alleges as follows in the complaint in support of his claims against defendants Loo, Neubarth, Huang, Ortiz, and McVicar, regarding treatment of his bunions, hemorrhoids, and skin condition.

Before being transferred from CTF Soledad to PVSP, Plaintiff was under doctor's care for several medical problems, including very severe hemorrhoids causing bleeding from the anus, severe painful bunions on both feet, and chronic back pain. At CTF Soledad, his feet were measured for orthopedic shoes, but he did not receive them.

When he arrived at PVSP on February 11, 2000, Plaintiff made his medical problems known to the Chief Medical Officer, Dr. Larry Loo ("Dr. Loo") via an inmate request, and requested to see Dr. Loo. Dr. Loo informed Plaintiff that he could not see him immediately, due to the doctor's busy schedule.

Plaintiff repeatedly made requests for medical care and saw other doctors, including Drs. Neubarth, Ortiz, and Huang. These doctors only prescribed medication for the bleeding, which made it worse. Dr. Neubarth examined Plaintiff with a "Computator" and prescribed medication, but he did not order surgery for the hemorrhoids. Plaintiff told all of the doctors that the medications were not doing any good and that he was in severe pain and continually bleeding.

In January 2001, Plaintiff was finally seen by Dr. Loo, who examined him for rectal bleeding and bunions and concluded that Plaintiff needed surgery for both the hemorrhoids and the bunions. Dr. Loo told Plaintiff his problems were not an emergency, and he wrote a chrono for Plaintiff to be provided state-issued boots, even though other doctors have recommended soft shoes due to the bunion deformity.

///

Plaintiff maintains that his medical problems were well-documented in his records, but neither Dr. Loo nor Dr. Neubarth checked his medical files. Dr. Huang only made an examination of Plaintiff's anus with gloved fingers, which made him worse. Dr. Huang did not recommend surgery, even though Plaintiff showed him bloody tissues several times and told him the medication was not doing any good. Despite Plaintiff's requests, none of the doctors took x-rays or sent him to a medical facility or outside doctor for the hemorrhoids or bunions. Dr. Ortiz recommended orthopedic shoes, but Plaintiff had not received them by February 2001. Plaintiff was prescribed chronic pain medication by Dr. Haffner, but Dr. Loo stopped Plaintiff from taking it until Dr. Loo could approve it, causing Plaintiff to suffer more pain.

When Plaintiff was placed in Administrative Segregation ("Ad-Seg"), he wrote to defendant McVicar about his medical problems, complaining about the bleeding, pain in his feet, bunion deformity, and ongoing back and neck pain. Plaintiff also spoke to McVicar and other staff members about his improper medical care, but McVicar did not respond until after Plaintiff was released from Ad-Seg.

Plaintiff also has a skin problem and cannot shave with a razor, or he develops bumps on his skin, itching, and burning. In September 2000, Plaintiff saw Dr. Ortiz who refused to continue Plaintiff's medical shaving chrono and told Plaintiff to shave anyway, cause symptoms, and then he could treat him for the condition. The Chief Medical Officer said Dr. Ortiz was following procedure, but he failed to review Plaintiff's medical files with history of the skin condition. Even after reading other doctors' chronos, Dr. Ortiz still refused to renew Plaintiff's chrono, so Plaintiff filed a complaint to the Medical Board, without results. Dr. Neubarth told Plaintiff he should stop shaving and grow a beard. Dr. Neubarth said he would write Plaintiff a chrono for a year, to avoid Rules Violations Reports for wearing a beard.

Plaintiff still suffers from bleeding, pain, and foot problems, due to the unprofessional judgment of Drs. Loo, Neubarth, Ortiz, and Huang. None of these doctors ever checked Plaintiff's outside medical records, which contain records of his medical problems before coming to PVSP. Although the doctors agree that Plaintiff needs surgery and special shoes, they have not ordered them.

### III. PLAINTIFF'S CLAIMS

Plaintiff brings claims against defendants Loo, Huang, Neubarth, Ortiz, and McVicar for deliberate indifference regarding medical care, in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin 974 F.2d at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). The needless suffering of pain may be sufficient to demonstrate further harm. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

5

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds; WMX Techs., Inc., 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Id. To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

**IV.  CONCLUSION**

At this stage of the proceedings, defendants shall be required to file an answer to the complaint. Accordingly, IT IS HEREBY ORDERED that:

1. This action now proceeds only against defendants Dr. Larry Loo, Dr. Neubarth, Dr. Huang, Dr. Ortiz, and McVicar, on Plaintiff's claims for deliberate indifference regarding medical care for his bunions, hemorrhoids, and skin condition;

2. Within thirty days from the date of service of this order, defendants Loo, Neubarth, Huang, Ortiz, and McVicar shall file an answer to Plaintiff's complaint which was filed in this action on March 12, 2001;

3. After the answer is filed, the court shall issue a further scheduling order; and

4. The Clerk is directed to reflect on the court's docket that this action now proceeds only against defendants Loo, Huang, Neubarth, Ortiz, and McVicar.

IT IS SO ORDERED.

**Dated:   November 10, 2009**                  /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE