# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE R. JONES, | CASE NO. 1:01-cv-05287-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO DISMISS FILED BY DEFENDANTS LOO, NEUBARTH, HUANG, ORTIZ, AND McVICAR BE DENIED |
| v. | |
| PLEASANT VALLEY STATE PRISON, et al., | (Doc. 142) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations - Defendant's Motion to Dismiss**

### I.     Procedural History

Tyrone R. Jones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 12, 2001.  (Doc. 1.)  This Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 9, 2001, directing the United States Marshal to serve process on Defendants G. Lewis, Ducray, L.B. McVicar, W. Buehler, J.C. Smith, V.M. McKnight, W.R. Williams, L. Loo, J. Neubarth, R. Ortiz, H. Huang, C.J. Sanchez, C. Murtaugh, Davis, Cantu, Tress, and Stephens.[1]  (Doc. 9.)

On November 29, 2001, Defendants filed a motion to dismiss the Complaint based on Plaintiff's failure to exhaust administrative remedies, and on March 6, 2002, Defendants filed an

---

[1] All of these seventeen defendants have since appeared in this action, via motions to dismiss.

1

1  amended motion to dismiss. (Docs. 33, 48.) On March 10, 2003, this Court denied the motion,
2  with leave to renew it in light of the Ninth Circuit's recent decision in *Wyatt v. Terhune*, 315
3  F.3d 1108 (9th Cir. 2003). (Docs. 81, 91.)
4        On March 31, 2003, Defendants renewed the motion to dismiss the complaint based on
5  Plaintiff's failure to exhaust administrative remedies. (Doc. 97.) On March 11, 2004, the
6  renewed motion was granted in part and denied in part, leaving the case to proceed only against
7  Defendants Cantu and Davis on Plaintiff's excessive force claims, and dismissing all other
8  claims and Defendants. (Docs. 107, 109.)
9        On March 25, 2004, Defendants Cantu and Davis filed their Answer to the Complaint.
10 (Doc. 110.) On April 15, 2004, this Court issued a Discovery/Scheduling Order setting pretrial
11 deadlines. (Doc. 111.) On May 11, 2004, Defendants Cantu and Davis filed a motion to dismiss
12 the Complaint based on Plaintiff's failure to exhaust administrative remedies on the excessive
13 force claim. (Doc. 114.) On January 19, 2005, the motion was granted, and the case was
14 dismissed in its entirety without prejudice. (Docs. 121, 122.) Judgment was entered on January
15 19, 2005. (Doc. 123.)
16       On January 31, 2005, Plaintiff filed a notice of appeal to the Court of Appeals for the
17 Ninth Circuit. (Doc. 124.) On May 26, 2009, the Ninth Circuit affirmed in part and vacated in
18 part the district court's judgment, remanding the action. (Doc. 133.) The judgment was affirmed
19 as to the dismissal of Plaintiff's Eighth Amendment claim against defendant Murtaugh regarding
20 sleep deprivation, Plaintiff's excessive force claim against defendants Davis and Cantu,
21 Plaintiff's deliberate indifference claim regarding access to prescription medication, and
22 Plaintiff's retaliation claim concerning Plaintiff's placement in administrative segregation. The
23 judgment was vacated as to the dismissal of Plaintiff's deliberate indifference claims regarding
24 treatment of his bunions, hemorrhoids and skin condition, in light of the Ninth Circuit's decision
25 in *Griffin v Arpaio*, 557 F.3d 1117 (9th Cir. 2009). The district court reopened the case on June
26 2, 2009. This case now proceeds only against Defendants Dr. Larry Loo, Dr. Neuberth, Dr.
27 Huang, Dr. Ortiz, and McVicar, on Plaintiff's Eighth Amendment claims for inadequate medical
28 care related to his bunions, hemorrhoids, and skin condition. (Doc. 137.)

1    On February 10, 2010, Defendants Dr. Larry Loo, Dr. Neuberth, Dr. Huang, Dr. Ortiz, and McVicar filed a motion to dismiss for failure to exhaust, pursuant to Fed. R. Civ. P. 12(b). (Doc. 142.) Plaintiff filed an opposition on February 22, 2010. (Doc. 145.) Defendants filed a reply on February 26, 2010. (Doc. 146.) The motion has been deemed submitted. Local Rule 230(l).

## II.	Failure to Exhaust

### A.	Legal Standard

Defendants argues that Plaintiff failed to exhaust his claims in compliance with 42 U.S.C. § 1997e(a), subjecting the claims to dismissal.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.

1    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
2 defense under which Defendant has the burden of raising and proving the absence of exhaustion;
3 *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial
4 administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b)
5 motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d at 1119 (*citing Ritza v. Int'l
6 Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In
7 deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look
8 beyond the pleadings and decide disputed issues of fact.  *Wyatt*, 315 F.3d at 1119-20.  If the court
9 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
10 dismissal without prejudice.  *Id.*

11   **B.   Discussion**
12       **1.   Plaintiff's Claims**
13    As previously stated, this case is proceeding only against Defendants Dr. Larry Loo, Dr.
14 Neuberth, Dr. Huang, Dr. Ortiz, and McVicar, on Plaintiff's Eighth Amendment claims for
15 inadequate medical care related to his bunions, hemorrhoids, and a facial skin condition relative
16 to shaving.  (Doc. 137.)

17       **2.   Exhaustion of Eighth Amendment Claim**
18           **a.   Summary of Relevant Appeals**
19    Defendants submit the following regarding Plaintiff's inmate appeals on the three medical
20 conditions still at issue in this action:

> Plaintiff filed an administrative grievance at the informal level on January 11, 2001, stating that he was not being provided treatment for his hemorrhoids. (CD 1 at Ex. 2.) This appeal was partially granted at the informal level. (Id.) Plaintiff failed to seek a first or second level review. (Duran Decl., Ex. A and A-1.)
> On January 27, 2000 Plaintiff filed an administrative grievance (PVSP-D-00-00586) requesting that he be fitted for and provided orthopedic shoes. (CD 1 at Ex. 3.) This appeal was partially granted at the second level of review, and Plaintiff was scheduled for an orthopedic consult. (Id.; Duran Decl., Ex. A and A-1.) Plaintiff did not seek a Director's level review. (Duran Decl., Ex. A and A-1; Grannis Decl., Ex. B.)
> Plaintiff filed two administrative grievances pertaining to shaving. The first, filed on September 15, 2000, (PVSP-C-00-01812) requests that his rules violation, for not complying with grooming standards, be dismissed because the medical department issued a chrono allowing him to have a beard. (CD 1 at Ex. 14 and 11.) Plaintiff's grievance was denied at the second level of review and he did not seek a

Director's level review. (Id.; Duran Decl., Ex. A and A-1; Grannis Decl., Ex. B.) Plaintiff filed a second grievance on September 27, 2000, in which he complains that his medical chrono was not renewed by medical staff. (CD 1 at Ex. 11.) This appeal was partially granted at the informal level and Plaintiff did not seek a first or second level review. (Id. l Duran Decl., Ex. A and A-1.)

(Doc. 142-2, MTD P&A,3:10-4:2.)[2]

### b. **Sufficiency of the Appeals**

A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. *Griffin v. Arpaio* 557 F.3d 1117, 1120 (9th Cir. 2009). A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. *Id.* "[W]hen a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Id. citing Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "The primary purpose of a grievance is to notify the prison of a problem and facilitate its resolution, not to lay groundwork for litigation." *Id. ref Johnson v. Johnson*, 385 F.3d 503, 522 (2004) *cited with approval in Jones v. Bock,* 549 U.S. 199, 219 (2007). A prisoner's grievance(s) must "provide enough information . . . to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2nd Cir. 2004).

In order to satisfy the exhaustion requirement, prisoners are required to comply with the applicable procedural rules governing the appeals process, and it is the appeals process itself which defines the level of detail necessary in an appeal. *Jones*, 549 U.S. at 218; *Griffin*, 557 F.3d at 1120. In California, prisoners are required only to describe the problem and the action requested. Tit. 15 § 3084.2(a). Therefore, the appeal is sufficient "'if it alerts the prison to the nature of the wrong for which redress is sought,'" *Griffin* at 1120 (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) and adopting the *Strong* standard), which "advances the primary purpose of . . . notify[ing] the prison of a problem," *id.* (citation omitted). Further, a prisoner exhausts the administrative process when the prison officials purport to grant relief that resolves

---

[2] The Court is far from enamored with the manner in which Defendants presented their evidentiary exhibits. Grouping Exhibit C into two voluminous parts, without further sub-categorizing, or even page numbering, and then only referring to either part of Exhibit C caused the Court to review over one hundred (100) pages of material – of which only approximately twelve pages addressed any of Plaintiff's three medical issues remaining in the case.

5

his due process grievance to his satisfaction. *Harvey v. Jordan*, --- F.3d ----, 2010 WL 1903994, (9th Cir. 2010) (finding prisoner had exhausted where his inmate appeal received a "partial grant").

Applying the standards set forth in *Griffin*, Plaintiff's January 11, 2001 inmate appeal in which he complained that he was not being provided treatment for his hemorrhoids would suffice to notify prison personnel of the problem – i.e. that he was not receiving sufficient medical care and treatment for his hemorrhoids. Plaintiff's January 27, 2000 inmate appeal requesting that he be fitted for and provided orthopedic shoes would also suffice under *Griffin* to notify prison personnel of the problem he was having regarding his feet (even though it did not specifically identify his bunions). Finally, Plaintiff's two administrative grievances pertaining to his skin condition, shaving, and Plaintiff's desire to be able to grow a beard, filed on September 15, 2000 and September 27, 2000 would suffice under *Griffin* standards to notify prison personnel of the problem he was having regarding being forced to shave despite having a facial skin condition. Thus, Plaintiff sufficiently described his complaints regarding each of these three medical conditions in his inmate appeals to have notified prison personnel of the problems he desired to be rectified.

Further, the bases presented by Defendants in support of their motion show that Plaintiff received a partial grant on his inmate appeals as to all three of the medical issues upon which remain in this action – his hemorrhoids, the bunions on his feet, and his skin condition relative to shaving. Receipt of the partial grants to Plaintiff's inmate appeals qualified as exhausting the available administrative remedies. *Harvey*, 2010 WL 1903994. Plaintiff properly filed suit on his claims after he received partial grants to his inmate appeals. *Jones v. Bock*, 549 U.S. at 211.

Accordingly, Defendants have not met their burden of raising and proving the absence of exhaustion by Plaintiff of his available administrative remedies so as to merit granting their motion to dismiss.

**III.   Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that the Motion to Dismiss filed by Defendants Look, Neuberth, Huang, Ortiz, and McVicar, filed on February 10, 2010, be

1 denied.

2     These Findings and Recommendations will be submitted to the United States District
3 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
4 thirty (30) days after being served with these Findings and Recommendations, the parties may
5 file written objections with the court.  The document should be captioned "Objections to
6 Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
7 objections within the specified time may waive the right to appeal the District Court's order.
8 *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11  IT IS SO ORDERED.

12 **Dated:   May 27, 2010**                    /s/ Sandra M. Snyder
13                                                                  UNITED STATES MAGISTRATE JUDGE